**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN THE MATTER OF THE COMPLAINT OF
INGRAM BARGE COMPANY,

           Plaintiff,

           CIVIL ACTION NO.  2:05-cv-00379

**MEMORANDUM OPINION AND ORDER
FOR AD INTERIM STIPULATION AND DIRECTING ISSUANCE
OF NOTICE AND RESTRAINING SUIT**

      Ingram Barge Company (Ingram), as owner of Barge F-14002, Official No. 551961 (Barge F-14002), and The Ohio River Terminals Company, LLC (Ohio River Terminals), as owner pro hac vice of Barge F-14002 (collectively the Limitation Plaintiffs) have filed a Complaint in this Court, seeking exoneration from or limitation of liability with respect to a maritime casualty which allegedly occurred on or about May 21, 2004, when Justin Smoot and Randall Vaughn drowned while allegedly swimming near Barge F-14002 while it was located near the 27th Street Park in Huntington, Cabell County, West Virginia (the Incident).  In their Complaint, Limitation Plaintiffs have stated facts and circumstances upon which the exoneration from or limitation of liability is claimed and have shown the value of their interest in Barge F-14002 after the Incident and have prayed for leave to file a stipulation for the amount of this value, pending any appraisal, and to give a letter of undertaking as security in the amount of the post-accident value of Barge F-14002 and for costs and to obtain an order directing issuance of a notice and to obtain a restraining order;

From the pleadings which have been duly filed, it appears that the post-accident value of Limitation Plaintiffs' interest in Barge F-14002 did not exceed $37,000.00, that there was no pending freight, and that $250.00 is adequate security for court costs;

And that Limitation Plaintiffs have filed, as security herein, a Letter of Undertaking for the value and cost duly executed by the Limitation Plaintiffs' interest, in the total sum of $37,250.00 plus interest at the rate of six percent per annum, to be accepted as an *ad interim* stipulation and adequate security for this limitation of liability proceeding and that it is approved as to form, quantum, and surety, without prejudice to the due appraisal of Limitation Plaintiffs' interest, under further order of this Court, if such is deemed necessary, and any party that has the right to apply to have this amount of said stipulation increased or decreased, as the court may direct.

It is further **ORDERED** that a notice issue out of, and under the seal of, this Court against all persons claiming damage for any and all losses, injuries, or death and destruction, arising out of or occurring by reason of the Incident, as described in said Complaint, citing them to appear before this Court and file their claims with the Clerk of this Court, in writing, under oath, and further directing that any person, firm, corporation, or other entity claiming damages as aforesaid, who desire to contest the Complaint of Limitation Plaintiffs, shall answer said Complaint and serve copies of their answers thereof on the attorneys for Limitation Plaintiffs on or before **August 1, 2005.**

It is further **ORDERED** and **ADJUDGED** that the public notice shall be given by publication thereof in **The Herald-Dispatch**, published in the City of Huntington, State of West Virginia, as provided by Rule F(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and Limitation Plaintiffs shall mail, not later than

the day of the second publication, a copy of said public notice to every person, firm, or corporation known to have made a claim against Barge F-14002 or Limitation Plaintiffs, arising out of said Incident; and

It is further **ORDERED** and **ADJUDGED** that a restraining order be issued from this Court, restraining and enjoining all claims and proceedings against Barge F-14002 and Limitation Plaintiffs, in any court whatsoever, except in this proceeding for limitation in respect to any matter arising out of, or in conjunction with, the Incident allegedly involving Barge F-14002 near the 27th Street Park, Huntington, Cabell County, West Virginia, on May 21, 2004, and providing that any pending actions against Barge F-14002 and Limitation Plaintiffs shall cease and that the Court enjoins in the further prosecution of any action or proceeding against Barge F-14002 and Limitation Plaintiffs with reference to any claim arising out of, or connected with, the aforesaid Incident until the termination of this proceeding.

The court **DIRECTS** the Clerk to send a copy of this Written Order to counsel of record and any unrepresented party.

          ENTER:     June 1, 2005

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE